NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAO DAN KOSHAR; JOHN KOSHAR, | No. 20-16432 |
| Plaintiffs-Appellants, | D.C. No. 4:20-cv-00119-JGZ |
| v. | |
| RAYTHEON COMPANY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Xiao Dan Koshar and John Koshar appeal pro se from the district court's

order dismissing their action alleging federal and state law employment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination claims.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  We affirm.

The district court properly dismissed plaintiffs' discrimination claims under

Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Arizona

Civil Rights Act ("ACRA") because plaintiffs failed to allege facts sufficient to

state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff

fails to show she is entitled to relief if the complaint's factual allegations "do not

permit the court to infer more than the mere possibility of [the alleged]

misconduct"); *see also Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)

("[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must

prove . . . that age was the 'but-for' cause of the challenged adverse employment

action."); *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (recognizing

that the ACRA is "generally identical" to Title VII and that Title VII case is

persuasive in the interpretation of ACRA); *Costa v. Desert Palace, Inc.*, 299 F.3d

838, 847-48 (9th Cir. 2002) (concluding that a protected characteristic must be a

motivating factor for a Title VII discrimination claim).

The district court did not abuse its discretion in denying plaintiffs' motion to

---

[1] Xiao Dan Koshar and John Koshar are a married couple.  The employment claims in this case arise from allegations related to Xiao Dan Koshar, and John Koshar's claims are derivative of his wife's claims.

proceed in forma pauperis ("IFP") because plaintiffs did not demonstrate that they were unable to pay the court's filing fee due to poverty or indigency. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (setting forth standard of review and explaining that an affidavit is sufficient under 28 U.S.C. § 1915(a) if it states that "the affiant cannot pay the court costs and still afford the necessities of life").

We reject as meritless plaintiffs' contentions that the district judge was prejudiced or biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**